[No. 1709.]

GEORGE S. PHENIX AND MAY L. PHENIX, HIS WIFE, RESPONDENTS, *v.* A. E. FRAMPTON, APPELLANT.

1. INJUNCTION—RESTRAINING ERECTION OF BUILDING—DISSOLVING TEMPORARY ORDER. Where it is alleged by the complaint and admitted by the answer that defendant is erecting a building of a substantial, permanent character, and by the allegations of the complaint the title, possession, and right of possession of the land are in plaintiff, and by those of the answer they are in defendant, a temporary injunction against the completion of the building is proper, and will not be dissolved pending final determination of the action; but the defendant will not be prohibited from entering.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County, Nevada; *M. A. Murphy*, Judge.

Action by George S. Phenix and his wife against A. E. Frampton. From an order refusing to dissolve a temporary injunction, defendant appeals. **Modified.**

The facts sufficiently appear in the opinion.

*Charles S. Wilson*, *William B. Ogden*, and *James K. Redington*, for Appellant:

I. The suit, both in form and effect, is one to quiet title. The record shows that the complainants are out of possession. To this effect is the complaint itself, and for this reason it

was undoubtedly demurrable.   The allegation of paragraph 1 is that complainants, at and before suit, were possessed of the premises; but that is followed by the allegations of paragraph 3, distinctly and specifically showing possession by defendant at and for a long time prior to commencement of suit.   The affidavits filed by defendant with his motion to dissove the injunction show sole and exclusive possession by defendant, and no possession by complainants, since about March 1, 1905, and these affidavits are not in this regard, or in any way as to actual possession, denied by the counter-affidavit of the complainants.   The answer denies any possession by the complainants and avers exclusive possession in the defendant.   It must, therefore, be taken as established that complainants were out of possession at, and for a long time prior to, the commencement of the suit.   Under such circumstances the suit cannot be maintained and the injunction should be dissolved. (Comp. Laws, 3351–3360; *Low* v. *Staples*, 2 Nev. 209; *Blasdel* v. *Williams*, 9 Nev. 161; *Scorpion Co.* v. *Marsano*, 10 Nev. 370.)

II.   The complainant has complete and adequate remedy at law for the recovery of possession and for damages, if any, sustained.   Under such circumstances injunction should not have issued, and should now be dissolved.   (Comp. Laws, 3822–3834; *Sherman* v. *Clark*, 4 Nev. 138; *Conley* v. *Chedic*, 6 Nev. 222.)

III.   Even if the suit be otherwise well founded, still the damages alleged, or by any possibility resulting, are not irreparable and injunction cannot under such circumstances be sustained.   In this regard mere allegations of irreparable damages are not sufficient.   The complaint must affirmatively establish necessary facts to show that the injury will be irreparable.   (*Thorn* v. *Sweeney*, 12 Nev. 251, 13 Nev. 415; *Rivers* v. *Burbank*, 13 Nev. 398; *Hoye* v. *Sweetman*, 19 Nev. 376.)   The injunction must be dissolved upon the answer filed denying all material allegations of the complaint. (*Lady Bryan Co.* v. *Lady Bryan M. Co.*, 4 Nev. 414; *Magnet Co.* v. *Page*, 9 Nev. 346; *Perley* v. *Forman*, 7 Nev. 309.)

IV.   The court will not upon the case as here presented undertake to decide between the conflicting claims of the

parties to the land in suit.  Each is asserting title under the laws of the United States, and their respective claims are pending in the special tribunal created by law for their adjudication, the Land Department of the Federal Government.  Pending final action by that tribunal and the issue of evidence of title by the United States to one or the other of such parties, this court will not attempt to adjudicate the conflicting titles.  But this court will, for the purposes of this case, take judicial notice of the fact that the decision of the land department, so far as the prosecution of said claims therein has progressed, sustains the claim and title of appellant, and directs the judge of the district court from which this appeal is taken, as trustee for appellant, to proceed, under the statute, to perfect said claim and to convey to appellant, under the town-site laws, the paramount title of the United States.  Under such circumstances, this court will not, by injunction or otherwise, restrain the appellant from doing all or any of the things which the laws of the United States permit or require him to do as an occupant of public lands under the town-site law.

*Thompson, Morehouse & Thompson*, for Respondents:

I.  The plaintiffs' rights rest upon a valid mining location.  Their affidavits show beyond question the validity of their location, and the defendant's affidavit only denies the validity thereof upon information and belief, and we need not cite authorities to show that a denial upon information and belief of matters which are of public record is no denial at all.  The plaintiffs' affidavits show that their location was a matter of public record two years before the defendant sought to set up any claim; therefore, neither the answer nor the affidavit denies specifically and positively the ownership, possession, or right to the possession in the plaintiffs.  The motion, therefore, cannot prevail and should be denied.

II.  But, it is said, it appears from the record in this case that plaintiffs are out of possession, and therefore cannot maintain the action.  It is true that in this state that the action to quiet title cannot be sustained by a party out of possession.  But the assertion that the record so shows is

not true. The affidavits of the plaintiffs show they have, own, and possess the Montezuma mining lode claim; that these lots are part of that mining claim, and, as they possess that mining claim, the possession of a part extends to the whole claim, and it is well established that a possession of a part of a claim is possession sufficient to maintain the action to quiet title to the whole. (*Rose* v. *Richmond M. Co.*, 17 Nev. 25; *Roberts* v. *N. P. R. Co.*, 158 U. S. 1.) The affidavit of the defendant nowhere shows that he lives upon or occupies the lots in question—only that he is building upon the lots, and his denial of possession in the plaintiffs, which denial is everywhere modified by a statement of facts showing only a trespass and claim, makes the record clear, and the possession is in the plaintiffs.

III. It is next argued that the damages are not irreparable. Now, damages, to be recoverable at law, must be damages capable of legal computation. If you cannot legally fix some definite positive rule whereby damages may be estimated and justly fixed and established, you cannot recover at law. When you cannot recover at law, then equity steps in and says the damages are irreparable, because the action at law must give full and adequate relief, and the damages must be susceptible of perfect pecuniary compensation. This is the gist of all authorities. (Pomeroy, Eq. Juris., vol. 4, sec. 1338.)

IV. That an injunction lies to prevent a cloud upon title is well settled. While the usual rule is that a cloud upon title means a claim upon an outstanding instrument apparently valid on its face, yet certainly an injunction lies to prevent steps, which, if continued, would create the cloud upon the title. That such action lies, see Pomeroy's Equity Jurisprudence (sec. 1345, p. 2678) where he says: "The use of the injunction to prevent acts which would create a cloud upon title is governed by the same rules which control the remedy of removing a cloud from title." Now, if defendant should be permitted to complete his building and enter into the possession and occupancy thereof, and go on and procure, with the assistance of others, a patent to these lots under the town-site law, and get his deed from the district judge, would not that cloud the title by an outstanding

instrument apparently valid on its face, and constitute a cloud? Most assuredly it would. Then equity takes and will take jurisdiction and restrain and prevent by injunction, without any consideration of damages, because the cause is, *per se*, in equity. Again, the building of a permanent structure, the entry into it, and occupancy thereof, is an appropriation of the land, a complete destruction of the estate and a segregation thereof from the remainder. (*Scudder* v. *T. D. Falls Co.*, 1 Saxt. Ch. 694.)

V. The next point urged is that the court will not in this action decide the title of the land and say each is asserting title under the laws of the United States and their respective claims are pending in the Land Department of the Federal Government. Such, however, is not the case. It could not be the case, because section 2386, Rev. Stats. U. S., says: "Where mineral veins are possessed, which possession is recognized by local authority, and to the extent so possessed and recognized, the title to town lots to be acquired shall be subject to such recognized possession and the necessary use thereof." That is to say, a town site cannot take and include a valid mineral location, because the minute the location has been made that moment the land is segregated from the public domain, and the possession and the right to the possession pass to the locator exclusively under section 2322, Rev. Stats. U. S., and no person can initiate a right by trespassing upon such possession. (*Campbell* v. *Rankin*, 99 U. S. 261; *Hawxhurst* v. *Lander*, 28 Cal. 331; *Hawes* v. *Victoria Co.*, 160 U. S. 303; *Nevada Co.* v. *Home Co.*, 98 Fed. 674; *Kirk* v. *Meldrum*, 65 Pac. 634; *Phenix Co.* v. *Lawrence*, 55 Cal. 143; *Weese* v. *Barker*, 7 Colo. 178; *Craig* v. *Thompson*, 10 Colo. 517; *Zellers* v. *Vanina*, 134 Fed. 610; *Rogers* v. *Cooney*, 7 Nev. 213; *Golden F. Co.* v. *Cable Con.*, 12 Nev. 312; *Belk* v. *Meager*, 104 U. S. 279.)

VI. No proceeding for a town site can retake the land thus withdrawn, and beyond the jurisdiction of the land department, and give it to anyone else. The land being withdrawn from the public domain, by reason of a valid location, under the mining laws, is beyond the jurisdiction of the land department, except by adverse claim if the locator applies for

patent, and then the land department cannot try the issue, but must send the issue, under section 2326, Rev. Stats. U. S., to the courts for trial, because the trial of the possession is beyond the jurisdiction of the land department. This is no novel question, but is fully settled by judicial decision.

VII. The question is settled by the highest judicial authority that a valid mining location cannot be included in a town-site patent; that such inclusion is beyond the jurisdiction of the land department; that the mining locator has no duty to adverse the town-site application. Because, therefore, as he need not adverse nor take any notice of the town-site application, because the land department has no jurisdiction over him in town-site proceedings, it must be apparent that there is no proceeding pending in the land department which in any manner affects the rights of respondents herein, and that the whole defense set out and claimed by the defendant is no defense, and has no merit whatever. The defendant and appellant is simply and plainly seeking to initiate a right to lands in the possession of another, without even the semblance of law or justice or good faith. If he was in actual possession, he would be simply a "jumper," taking matters in his own hands, disregarding law and those sacred rights of property which equity ever grants and protects.

*Charles S. Wilson, William B. Ogden,* and *James K. Redington,* for Appellant, in reply:

I. It is admitted by respondents that the suit is one to quiet title, and that such a suit cannot be maintained, under the laws of this state, by a party out of possession. This admission it was impossible to avoid under the three decisions of this court cited in our opening brief: *Low* v. *Staples,* 2 Nev. 209; *Blasdel* v. *Williams,* 9 Nev. 161; *Scorpion Co.* v. *Marsano,* 10 Nev. 370. Attempt to avoid the effect of this plain principle of law is, however, made by a claim that although the appellant, as clearly shown by the record, had been in the sole, exclusive, and actual possession of the premises in suit for a year and nine months prior to the commencement of this action, and so remained when action

was brought, yet that respondents, because of their asserted claim to the Montezuma lode mining claim and possession of certain other portions of the surface ground appertaining thereto, have, by some curious sublety of the law, constructive possession of the ground here in suit which is in the actual possession of the appellant. This, say our opponents, entitles respondents to maintain suit to quiet title. As to the facts shown by the record there can be no legitimate contention. Frampton entered into actual possession of the lots in dispute, then entirely unoccupied by anyone, about March 1, 1905, and has ever since continuously remained in the sole, exclusive, and actual possession of the same. The respondents have never, for a day or an hour, since said date, been in the actual possession of the same, or any portion thereof. All this is shown beyond question by the record.

II. The rule which dissolves an injunction upon the incoming of an answer denying all the equities of a bill is well established and is directly announced in the decisions of this court cited in our brief. (*Lady Bryan Co.* v. *Lady Bryan M. Co.*, 4 Nev. 414; *Magnet Co.* v. *Page*, 9 Nev. 346; *Perley* v. *Forman*, 7 Nev. 309.) The answer of respondents to this proposition is a claim that in the case at bar the answer does not fully deny all such equities. We submit that it is an absolute and full denial of every averment, modified only by setting out the claim of the appellant to meet the facts. The legal effect of the answer is to traverse every averment favoring the defendant.

III. It is claimed by our opponents that a mineral location, from the moment it is made, segregates the land from the public domain, and that thereafter no portion of its surface ground can be included in a town-site claim. That is the gist of the proposition argued so far as it has any applicability to or affects the case at bar.

IV. *Davis* v. *Weibbold*, 139 U. S. 507, is authority against the proposition, and is hereinafter cited to that effect. The claim, in this regard, made by our opponents, without the support of a single direct authority, we meet by counter authority, both departmental and judicial, finally and defi-

nitely deciding that a mineral location is not, as against town-site settlement and claim, an appropriation of the land; that town sites can be located upon mineral locations, and that such town sites, so located, can be patented, notwithstanding the mineral claim. (*Rico Townsite*, 1 L. D. 556; *Esler* v. *Cooke Townsite*, 4 L. D. 212, and cases cited on page 214; *Duffy Quartz Mine*, 18 L. D. 259; *Pacific Slope Lode* v. *Butte*, 25 L. D. 518; *Gregory Lode Claim*, 26 L. D. 144; *Lavangino* v. *Utley*, 168 U. S. 342; *Huling* v. *Ward Townsite*, 29 L. D. 21; *Bradt* v. *Harris et al.*, 29 L. D. 426–433; *Leland* v. *Townsite of Saltese*, 32 L. D. 211; *Telluride Townsite*, 33 L. D. 542; *Mining Company* v. *Consolidated Company*, 102 U. S. 168; *Steel* v. *St. Louis Smelting Co.*, 106 U. S. 447; *Deffeback* v. *Hawke*, 115 U. S. 392; *Davis* v. *Weibbold*, 139 U. S. 507; *Dower* v. *Richards*, 151 U. S. 658, 663.)

By the Court, TALBOT, C. J.:

This is an appeal from an order refusing to dissolve a temporary injunction. In the complaint it is alleged that the plaintiffs are the owners and in possession of Lots 1 and 2 in Block 12 in Phenix's North Addition to the Town of Goldfield; that the same are a part of the Montezuma mining claim; that the defendant, disregarding the possession of the plaintiffs, on or about the 1st day of October, 1906, entered upon the premises and commenced to dig up and sink and excavate a cellar and to build and construct, and at the time of filing the complaint was building and constructing, a large and commodious dwelling house thereon of a permanent character, with the intention to occupy and possess the same without the consent of the plaintiffs, which improvements when completed would become in time an easement and affect the title and right of possession of the plaintiffs to the premises, and be the foundation of an adverse claim; that defendant threatens to continue to dig up and disturb and excavate the soil, and to continue the erection of the building, and to dispossess plaintiffs and set up an adverse title. Following the demand in the complaint, and upon the giving of an undertaking in the sum of $5,000, the district court made a temporary order restraining defendant from entering upon

the premises, and from digging or excavating on the land, and from building or constructing any dwelling house or other structure or fixture thereon, and from committing any act of trespass. Defendant filed a verified answer denying that the plaintiffs were the owners or entitled to possession of the land, and alleging that the defendant was the owner and in the actual, undisturbed, peaceful possession of these lots under sections 2387 and 2389, inclusive, of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, pp. 1457, 1458), and by reason of an application for a town site upon the public domain made by the defendant and numerous other persons through the district judge as trustee, which application had been entertained by the Commissioner of the General Land Office. It is also averred in the answer that the defendant entered upon and took possession of the premises in 1905, and erected thereon a store building and dwelling house of the value of about $1,000; that about the 1st day of October, 1906, he moved this building back to the alley line; and that as averred in the complaint he commenced the erection upon the lot in dispute of a large and commodious dwelling house to consist of two stories and basement, the basement constructed with stone walls in size 20 by 30 feet, the superstructure two stories high, 30 by 80 feet, lathed and plastered, to cost $6,000, and that about $4,000 had been expended thereon at the time of filing the complaint and issuance of the injunction. It is admitted in the answer that these improvements are of a permanent character. The defendant moved to dissolve the preliminary restraining order upon affidavits following partly the denials and allegations of the answer and relating to the condition and value of the improvements, to which counter-affidavits were filed, and the appeal is from the order denying this motion.

It will be seen that the question involved is whether the court may properly restrain the completion of a building of a substantial, permanent character pending the final determination of the action, when the right and title to the land upon which it stands are clearly in issue. On behalf of the appellant it is urged that the plaintiffs are out of possession, that if they are entitled to any relief they have a full and

adequate remedy at law, that the injury to the property is not irreparable, that all the material averments contained in the complaint are fully denied by the answer, and that from the facts in the record and those of which the court below took judicial notice the claim of the defendant is at least presumptively valid, and that for any one of these reasons the injunction should have been dissolved. The claim that respondents are out of possession is contrary to the allegations of the complaint, and cannot be assumed by the court until this question—the same as others in issue—has been determined upon the trial. (*Rose* v. *Richmond M. Co.*, 17 Nev. 56, 27 Pac. 1105.)

As to the contention that appellants were entitled to have the restraining order dissolved on the denials in the answer, the facts warranting the injunction, if one is proper to restrain the erection of permanent buildings, are shown and admitted by the pleadings. That the opposing parties are claiming the right and title to, and possession of, the land is clear. Both the complaint and answer allege, and neither denies, that this extensive building is under construction, and that, unless restrained, the defendant will bring it to completion. It may be said then that all the facts essential to the granting of the temporary injunction are undisputed. However squarely the issue may be drawn with regard to the ownership and possession, and regardless of whether the affidavits presented on the motion to dissolve be ignored, the uncontroverted showing that the title and right of possession are contested, and that unless restrained the defendant will erect a building of a substantial, permanent character on these lots, is sufficient to support an order for the preservation of the property and enjoining the erection of the building until the title and right to the land can be adjudicated. This may enable the prevailing party, whoever he may be, to finally come into his own without further change or alteration. If facts are alleged which, if established on the trial, would warrant a permanent injunction, it would seem that generally the conditions which would make the final injunction effective ought to be maintained until trial can be had.

It is a well-recognized rule that courts of equity will pre-

serve the status of the property in dispute pending litigation, and the authorities generally hold that equity will restrain extensive excavations and the erection of walls and permanent buildings. The legal principle involved is well expressed by the following extracts from decisions in other jurisdictions:

*Southmayd* v. *McLaughlin*, 24 N. J. Eq. 181: "The defendant has not only pulled down the fence, but has proceeded to excavate the land, and drive piles there for his foundation. * * * It is within the province of this court to arrest his progress in the trespass, at least until he shall have established his right at law. (*Varick* v. *Corporation of New York*, 4 Johns. Ch. 55; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Farron* v. *Van Sittart*, 1 Eng. R. & C. Cases, 602; High on Injunctions, 477, 483.) * * * In *Farron* v. *Van Sittart* the court restrained the defendants from committing a trespass, though it was merely the leveling of farm land for the laying of a railway track, or, as the lord chancellor expressed it, 'making level ground of that of which there is at present no portion level.' In the present case the trespass goes to the destruction of the inheritance. The defendant is not only proceeding to dig away the soil of the land in possession of the complainants, but is about to take exclusive possession of it with a permanent structure."

*Chicago, Burlington and Quincy Ry. Co.* v. *Porter Bros. & Hackworth*, 72 Iowa, 426, 34 N. W. 286: "It is further claimed that injunction is not the proper remedy; that the action should have been at law for damages. We do not think this position is well taken. There can be no doubt that equity will enjoin encroachments upon land by making excavations, erecting permanent buildings, and the like."

*Long* v. *Ragan*, 94 Md. 462, 51 Atl. 181: "It is clear, we think, that a trespass of this character works a destruction of the property as it had been held and enjoyed by the owner and that full and adequate relief could not be had at law. In *Herr* v. *Bierbower*, 3 Md. Ch. 458, the chancellor said: 'Taking possession of a portion of their lot and digging upon it a foundation for a building and erecting a building upon that foundation, thereby reducing the front of the lot

so as to prevent their building upon it themselves, in the mode which would be most advantageous, surely goes to the destruction, *pro tanto*, of the estate, and injures the just enjoyment of the property in the future.' "

In the latter case it was held that an injunction will not be granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, in the ordinary course of law; that if the trespass goes to the destruction of the inheritance, or the mischief be not susceptible of perfect and adequate pecuniary compensation at law, or if the acts done or threatened to the property be ruinous, or irreparable, or impair its just enjoyment in future, the courts of equity will, without hesitation, interfere by injunction.

In *Church* v. *Joint School District*, 55 Wis. 399, 13 N. W. 272, the school board were enjoined from erecting a school house. The court said: "The principle of these cases is 'that an attempt to enter upon and take permanent possession of land for public use without the assent of the owner, and without the damages having been ascertained and paid or tendered, is, or would be, if consummated, in the nature of an irreparable injury, for the prevention of which the writ of injunction constitutes the proper remedy.' This principle was first applied in a case closely analogous to this, in which a town threatened to take land for the purposes of a highway. (*Norton* v. *Peck*, 3 Wis. 714.) Then it was applied by analogy to the threatened taking of land by a railroad company for the use of its road in *Shepardson* v. *M. & B. Railroad Co.*, 6 Wis. 605, and again applied in *Powers* v. *Bears*, 12 Wis. 214, 78 Am. Dec. 733, and lastly in *Diederichs* v. *N. W. U. Railway Co.*, 33 Wis. 219."

In *Clayton* v. *Shoemaker*, 67 Md. 216, 9 Atl. 635, it was held that there should be a temporary injunction prohibiting the defendant from proceeding with the erection of his building until the title had been decided in a court of law.

In *Newell* v. *Sass*, 142 Ill. 104, 31 N. E. 176, an injunction was granted to prevent the completion of a threatened injury which had been commenced by excavating and starting to

build a fence. At section 707, High on Injunctions, 3d ed., it is said: "Where the trespass complained of consists in the erection of buildings upon complainant's land, a distinction is taken between the buildings when in an incomplete and when in a finished state. And while the jurisdiction is freely exercised before the completion of the structures, yet if they have been completed the relief will generally be withheld, and the person aggrieved will be left to his remedy by ejectment." (*Sherman* v. *Clark*, 4 Nev. 139, 97 Am. Dec. 516.)

Other citations may be found in 22 Cyc., which sustain the statement in the text at page 760, that if the act sought to be enjoined and the injury resulting are continuing in their nature, or if the injurious act has not been completed, an injunction is proper, but not so against an ordinary or naked trespass (page 827), and at page 834: "Encroachment on the land of another by erecting permanent buildings or walls is such a destruction of the inheritance as may be enjoined." Decisions also applicable are: *Miller* v. *Lynch*, 149 Pa. 460, 20 Atl. 80; *Kaiser* v. *Dalto*, 140 Cal. 167, 73 Pac. 828; *More* v. *Massini*, 32 Cal. 590; *Baron* v. *Korn*, 127 N. Y. 220, 27 N. E. 804; *Switzer* v. *McCulloch*, 76 Va. 777.

In line with other cases holding that mere trespass and occupation without acts injurious to the inheritance will not be temporarily restrained, it was held in *White* v. *Booth*, 7 Vt. 130, that the use of a church already completed would not be enjoined pending trial of title to the land. (*Amelung* v. *Seekamp*, 9 Gill & J. 468.) In *Waddingham* v. *Robledo*, 28 Pac. 663, 6 N. M. 347, the defendants were allowed to retain the possession and use of ditches and improvements, but restrained from making others *pendente lite*.

In view of the denials and allegations of the answer, until it is ascertained upon the trial whether the defendant is the owner or entitled to the possession of the premises, it is premature to assume that his entry would be a trespass. It would be otherwise if the answer admitted that plaintiffs were the owners and entitled to the possession of the land. The order properly enjoined the erection of the building, but it is too broad in restraining defendant from entering the premises in dispute. The court may properly prohibit either

or both parties from erecting permanent buildings, or committing waste, or doing acts which may cause irreparable injury, but under the facts as shown there is no more reason for enjoining one of the parties from entering the premises than for restraining all. The defendant likewise is entitled to have the property protected until the determination of the suit, and may wish to enter the premises for the preservation of the structure, which he has partly erected at the alleged expense of $4,000, and in the protection of which he may be more interested than the respondents who object to its completion. In *Silver Peak Mines* v. *Hanchett*, 93 Fed. 78, with citation of authorities, it was said that the rule is well settled that an injunction prohibiting any interference with the status of property pending litigation does not prevent any party having an interest from doing whatever is reasonably necessary for its preservation.

We realize that the temporary restraining order prohibiting the defendant from completing the building until trial can be had and the title and right of possession to the land determined may result in considerable damage to the defendant if he succeeds in establishing his claim to the lots, but, as no suggestion is made to the contrary, we assume that the $5,000 bond given is ample for his protection in this regard. The Nevada cases upon which appellant relies did not relate to town lots or buildings, and may be distinguished in other ways from the one now before the court. The same reasons do not exist for enjoining the construction of a ditch across barren and rocky land in the country not shown to be valuable for building or agricultural purposes, and when the ditch had been partly built by consent, and the damage to the land was only five dollars, as in *Hoye* v. *Sweetman*, 19 Nev. 377, or steps had been taken to condemn a right of way for a ditch for supplying water to the inhabitants of a city, which would only nominally injure land of little value, as in *Thorn* v. *Sweeney*, 12 Nev. 254; 22 Cyc. p. 829; *Waldron* v. *Marsh*, 5 Cal. 119; *Crescent M. Co.* v. *Silver King M. Co.*, 17 Utah, 444, 54 Pac. 244, 70 Am. St. Rep. 810.

The district court is directed to so modify the temporary injunction that it will not prohibit the defendant from enter-

ing, but will restrain him from digging, excavating, building, or constructing any dwelling house or other structure or fixture, or committing any injury, on the premises described in the complaint. The costs of this appeal are to abide the final result of the action.