Owen McGivern, J.
The plaintiff, owner of a beauty salon, seeks to enjoin the defendant Facherra from being employed as a hairdresser and beautician by the defendant Musiel. The defendant Facherra had been a major stockholder and dominant figure in a small corporation which owned and operated another beauty salon known as the “ Studio ”, located a short distance away from the site of the plaintiff’s operation. The defendant Facherra sold this salon, assets and goodwill to the plaintiff, and as an integral part of his sale arrangement, he undertook to work for the plaintiff, and further, he agreed that upon the termination of such employment he would not for a period of one year become engaged in beauty salon work within a radius of two miles of the plaintiff’s salon. The defendant Facherra entered the employ of the plaintiff but left after a period of over a year, and subsequently entered the employ of the defendant Musiel, located within the forbidden radius.
At the trial, there was sporadic proof that the defendant Facherra had attempted to lure patrons from the plaintiff, and also some indication that women found attractive his fiairful personality. Slender, youthful, bearded and intense, trailing behind him clouds of mystery, he apparently was a magnet for business.
The plaintiff is entitled to the relief requested. There is here no “ Draconian forfeiture ”, nor does the self-restraining covenant smack of servitude. The defendant Facherra was a free agent, represented by an attorney at the time of sale; he was in straits, but he knowingly undertook the covenant in question.
Under all the facts and circumstances, considering Facherra’s demonstrated ability to attract customers, and the not unnatural desire of the plaintiff to eliminate him as a gifted and dramatic competitor in a narrow area, the covenant survives the test of reasonableness. It is what the parties bargained for, and is not at variance with the cases (cf. Lynch v. Bailey, 300 N. Y. 615, affg. 275 App. Div. 527; Purchasing Assoc. v. Weitz, 13 N Y 2d 267; Wirth & Hamid Fair Booking v. Wirth, 265 N. Y. 214; Hackenheimer v. Hurtzmann, 235 N. Y. 57; Diamond Match Co. v. Roeber, 106 N. Y. 474; Goldstein v. Maisel, 271 App. Div. 971).
Permanent injunction granted,