DR. RICHARD E. HANSEN, APPELLANT, v. DR. WILLIAM A. EDWARDS, RESPONDENT.

No. 5309

April 21, 1967        426 P.2d 792

[Rehearing denied May 16, 1967]

*Bissett, Logar & Groves,* of Reno, for Appellant.

*Echeverria and Osborne,* and *John T. Coffin,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Dr. William Edwards, a practitioner of podiatry for many years in the Reno area, commenced this action for injunctive relief and damages based upon a breach of a post-employment covenant. The restriction was contained in an employment contract between the two parties and basically provided that Hansen, the employee, was not to engage in the practice of surgical chiropody within a radius of 100 miles of Reno on the termination of employment. No time limitation on this restriction was mentioned. The agreement was executed September 16, 1959, and was re-executed containing the same covenant on July 22, 1966.

After Hansen terminated the contract on September 12, 1966 he opened his own office for the practice of podiatry near the office of Edwards. Edwards sought, and obtained after a hearing, an order for a preliminary injunction restraining Hansen from practicing his profession within a radius of 100 miles of Reno pending trial upon the merits of the case. Hansen appeals from the order granting the preliminary injunction assigning as error that the restrictive covenant was invalid as against public policy.

1. An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the

protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement. Weatherford Oil Tool Company v. Campbell, 340 S.W.2d 950 (Tex. 1960). Allright Auto Parks, Inc. v. Berry, 409 S.W.2d 361 (Tenn. 1966); State v. Kelly, 408 S.W.2d 383 (Mo. 1966); Orkin Exterminating Company v. Burnett, 146 N.W.2d 320 (Iowa 1967); Meryl, Inc. v. Facherra, 274 N.Y.S.2d 188 (1966); Beneficial Finance Co. of Lebanon v. Becker, 222 A.2d 873 (Pa. 1966); Spalding v. Southeastern Personnel of Atlanta, Inc., 149 S.E.2d 794 (Ga. 1966); Baker v. Starkey, 144 N.W.2d 889 (Iowa 1966); Engineering Associates, Inc. v. Pankow, 150 S.E.2d 56 (N.C. 1966); 31 Tenn.L.Rev. 450 (1963–64); 48 Iowa L.Rev. 159 (1963); 41 N.C.L.Rev. 253 (1962–63); 10 Kan.L.Rev. 86 (1961–62); 73 Harvard L.Rev. 625 (1959–60); 41 A.L.R.2d 1; 43 A.L.R.2d 91; 58 A.L.R. 153.

The medical profession is not exempt from a restrictive covenant provided the covenant meets the tests of reasonableness. Foltz v. Struxness, 215 P.2d 133 (Kan. 1950) (area of 100 miles for a period of ten years); Cogley Clinic v. Martini, 112 N.W.2d 678 (Iowa 1962) (25 mile radius for three years); Lovelace Clinic v. Murphy, 417 P.2d 450 (N.M. 1966) (county limits and three years). The public has an interest in seeing that competition is not unreasonably limited or restricted, but it also has an interest in protecting the freedom of persons to contract, and in enforcing contractual rights and obligations. Lovelace, supra, pp. 453–454.

The substantial risk of losing patients to an employee is itself an adequate basis for a reasonably designed restraint. In the short time that Hansen opened his office after terminating the employment contract he acquired approximately 180 of Edwards' customers. Edwards should have the opportunity to recoup this loss and, in addition, to readjust his office routine which had previously been geared to Hansen's association.

2. It appears that the trial court by granting the injunction decided only that the covenant was valid and reserved

the question of reasonableness to the trial on merits. However, a review of the record permits the conclusion that nothing more can be added than is presently known that would affect a determination of that question. The circumstances of this case warrant a confinement of the area of restraint to the boundary limits of the City of Reno and a time interval of one year commencing February 10, 1967, the date of the injunction. A preliminary injunction may be modified at any time whenever the ends of justice require such action. In re Arkansas Railroad Rates, 168 F. 720 (8 Cir. 1909). We deem the restriction thus modified to be reasonable.[1]

3. Hansen contends that NRS 613.200 is Nevada's legislative expression that restrictive covenants are invalid. NRS 613.200 provides as follows:

"Any person, association, company or corporation within this state, or any agent or officer on behalf of such person, association, company or corporation, who shall willfully do anything intended to prevent any person who shall have for any cause left or been discharged from his or its employ from obtaining employment elsewhere in this state shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $50 nor more than $250, or by imprisonment in the county jail at the rate of 1 day for each $2 of such fine if the fine is not paid."

A few states have statutes specifically prohibiting restraints such as that with which we are here concerned.[2] Those statutes do not compare with NRS 613.200. We are of the opinion that our statute is not directed to this problem. It concerns only persons who seek employment with someone else, not those who intend self-employment.

The order granting the injunction is affirmed as modified. Further proceedings relating to damages may ensue without further direction from this court.

THOMPSON, C. J., concurs.

---

[1] NRS 2.110. "This court may reverse, affirm or modify the judgment or order appealed from * * *."

[2] California, Business and Professions Code § 16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Also Ala. Code tit. 9, §§ 22, 23 (1940); Mich.Comp.Laws §§ 445.761, 445.766 (1948); S.D. Code § 10.0706 (1939); Fla.Stat. § 542.12 (1957); La.Rev.Stat. § 23.921 (1950); N.D.Rev. Code § 9–0806 (1943); Okla.Stat. tit. 15, § 217 (1951).

COLLINS, concurring in part, dissenting in part:

I concur with the majority that the trial court by granting the preliminary injunction decided only that the covenant was valid and reserved the question of reasonableness to the trial on the merits. However, I do not agree that a review of the record of the hearing pertaining to the granting of the injunction now permits us to fix, as a matter of law, the reasonableness of the restraint either as to time or space. This appeal is from the propriety of the granting of the injunction, not a determination of the reasonableness of the covenant on the merits of the entire controversy. Blinn v. Hutterische Soc. of Wolf Creek, 194 P. 140 (Mont. 1920).

We should decide, in my opinion, only that covenants in restraint of trade are not ipso facto void in Nevada under our existing general principles of law. Therefore, the granting of the preliminary injunction pending a determination on the merits was within the lower court's discretion. Sutton v. Sutton, 110 S.E. 777 (N.C. 1922). NRS 613.200 does not apply to this situation.

The reasonableness of the restraint as to time requires a further factual consideration in this case which is not within our province to make initially. Solen v. V. & T. R.R. Co., 13 Nev. 106, 135 (1878). I feel the court is departing from its proper role in fixing at this state of the proceedings the operative limits of time and space of the covenant in the contract.

The court is not just modifying the preliminary injunction pending trial on the merits, for some reasonable, compelling purpose (Phenix v. Frampton, 29 Nev. 306, 319 (1907), but is making a final adjudication of the matter, on both fact and law.