An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JL VODKA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; JL PRODUCTIONS, A NEVADA CORPORATION; JOHNNY & MIKE DRINK, INC., A DELAWARE CORPORATION; JOHN METHENY, AN INDIVIDUAL; AND MICHAEL SPEARMAN, AN INDIVIDUAL,
Appellants,
vs.
JL BEVERAGE COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 62321

FILED

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court default judgment in a breach of contract and tort action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant John Metheny is a partial owner of appellant JL Vodka, LLC, which created a line of flavored vodkas under the name "Johnny Love." JL Vodka and Metheny sold all of JL Vodka's assets to respondent. In the license agreement entered into as part of the sale, Metheny agreed not to compete with respondent in exchange for the ability to continue using the persona "Johnny Love." Respondent hired Metheny through appellant JL Productions to promote its products. Metheny was also employed by and had a partial ownership interest in

respondent. Thereafter, Metheny and appellant Michael Spearman created appellant company Johnny & Mike Drink, Inc.[1]

In 2008, respondent was engaged in negotiations to sell its assets to non-party Patriot Holdings, LLC for over $5 million. Through his employment at respondent, Metheny approached Patriot Holdings and presented his business plan for Johnny & Mike Drink, representing that Johnny & Mike Drink was associated with respondent. Patriot Holdings rejected Johnny & Mike Drink's business plan, and as a result, terminated negotiations to purchase respondent's assets. Respondent filed the underlying action for breach of contract, intentional interference with prospective economic advantage, injunctive relief, and other claims. A default judgment was entered against appellants JL Vodka, JL Productions, and Metheny for $5,270,171.98 in damages and for an injunction enjoining them from competing with respondent in the future. This appeal followed.

Having considered the parties' briefs and the record on appeal, we conclude that substantial evidence supports the district court's determination of damages. *See Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995) (providing that broad discretion is given to a district court in calculating an award of damages, and the award will be upheld if supported by substantial evidence); *see also Finkel v. Cashman Prof'l, Inc.*, 128 Nev. Adv. Op. No. 6, 270 P.3d 1259, 1262 (2012) (explaining that substantial evidence is evidence that a reasonable mind might accept as adequate to support a

_____

[1]While Spearman and Johnny & Mike Drink are listed as appellants and were included in the notice of appeal, they were dismissed from the underlying action prior to the entry of the default judgment.

conclusion); *Local Joint Exec. Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 98 Nev. 409, 411, 651 P.2d 637, 638 (1982) (providing that pure economic loss is recoverable in actions for intentional interference with prospective economic advantage). Thus, we affirm the district court's damages award.

We conclude, however, that the district court abused its discretion in permanently enjoining JL Vodka, JL Productions, and Metheny from competing with respondent. *See Sowers v. Forest Hills Subdivision*, 129 Nev. Adv. Op. No. 9, 294 P.3d 427, 433 (2013) (providing that this court reviews a district court's decision to grant a permanent injunction for an abuse of discretion). The permanent injunction's language preventing JL Vodka, JL Productions, and Metheny from "competing against JLB" is too broad and does not reasonably detail the acts sought to be restrained. *See Webster v. Steinberg*, 84 Nev. 426, 430, 442 P.2d 894, 896 (1968) (explaining that a permanent injunction must be specific in its terms and describe in reasonable detail the act or acts sought to be restrained). Further, the injunction unreasonably restrains Metheny's ability to earn a living because it does not include a durational term or specify a line of business from which Metheny is precluded from competing with respondent. *See Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 120 Nev. 168, 172, 87 P.3d 1054, 1057 (2004) (explaining that because "the loss of a person's livelihood is a very serious matter," non-competition covenants are closely scrutinized (internal quotations omitted)); *see also generally Hansen v. Edwards*, 83 Nev. 189, 191-92, 426 P.2d 792, 793 (1967) (providing that "[a] restraint of trade is unreasonable . . . if it is greater than is required for the protection of the

person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted"). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Hawkins, Boley & Aldabbagh
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk