NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **RIVERCARD, LLC,** | No. 15-16794 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02123-LDG-NJK |
| v. | |
| **SCOT PATRIQUIN and PATRIQUIN LAW PROFESSIONAL CORPORATION,** | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before: **KOZINSKI** and **OWENS**, Circuit Judges, and **WILKEN**,[**] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

1.       "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1.  Notice must be given "at a time that is reasonable" and "generally . . . before or during the pretrial conference." DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd., 268 F.3d 829, 847 (9th Cir. 2001).  Patriquin twice invoked Ontario's statute of limitations: as an affirmative defense in its answer and in its motion for summary judgment.  Because both of those pleadings were filed before the district court scheduled a pretrial conference, Patriquin provided reasonable notice of Canada's statute of limitations.

2.       Nothing in the record suggests that the parties chose Ontario law in bad faith and in an attempt to evade Nevada law. See id.  Moreover, Ontario has a substantial relationship to the escrow agreement. See Williams v. United Servs. Auto. Ass'n, 849 P.2d 265, 266 (Nev. 1993).  Patriquin Law, a Toronto law firm, released the escrow funds to Post Oak Productions, Inc., an Ontario-based corporation.  Finally, the district court's deference to Ontario law is consistent with Nevada's public policy interest in "protecting the freedom of persons to contract." Hansen v. Edwards, 426 P.2d 792, 793 (Nev. 1967).  The escrow agreement's

choice-of-law provision is therefore valid under Nevada's three-factor test.  <u>See</u> <u>Engel</u> v. <u>Ernst</u>, 724 P.2d 215, 217 (Nev. 1986).

**AFFIRMED.**