**HAIG v. GITTINGS.**

No. 14718.

Court of Civil Appeals of Texas.
Dallas.

July 24, 1953.

Roy H. Callahan and Larry R. Taylor, Jr., both of Dallas, for appellant.

Vinson, Elkins, Weems & Searls and Ben H. Rice III, all of Houston, for appellee.

DIXON, Chief Justice.

This is an appeal from an order granting a temporary injunction. Appellant, a photographer and former employee of appellee, was restrained pending a trial on the merits from engaging in the business of taking, making, developing, furnishing, soliciting and selling photographs and pictures within the City of Dallas and the surrounding territory within a radius of 100 miles.

The parties entered into a written employment contract dated Sept. 1, 1945 which provided that appellant should act as manager and photographer of appellee's studio for a term of three years. The controversy in this case revolves around this paragraph in the contract:

"VI. As an inducement to Employer to make this contract, manager covenants that he will not in the City of Dallas or within the surrounding territory within a radius of one hundred miles of the City of Dallas, at any time within three (3) years from the expiration or termination of this contract, engage himself, or otherwise assist anyone engaged, directly or indirectly in the business of taking, making, developing, furnishing, soliciting, or selling photographs or pictures, or any business similar to the business now being conducted by Employer in said Studio situated in Dallas, Texas."

In 1949 a written extension agreement covering a term of one year was executed by the parties, which extension agreement provided that appellant should act as manager and photographer within an area comprising that part of the State of Texas situated north of a line drawn from Waco, Texas, due east to the Louisiana State line, and from Waco, Texas, due west to the New Mexico line. From time to time other written extension agreements, including a few amendments, were entered into by the parties, the last covering a period of one year beginning Jan. 1, 1951 and terminating Dec. 31, 1951. This last extension agreement amended the original 1945 contract so that appellant was made manager and photographer and was also placed "in complete charge of the entire road operations of Gittings." After the expiration of the last

extension agreement appellant continued to work for appellee without entering into a written contract. Over the years appellant's salary had been increased until he was being paid $12,000 per year when he left appellee's employment March 15, 1953.

There is evidence in the record to the effect that appellant intended to open a studio in Dallas soon after leaving appellee's employment and that he intended to do road photography from such studio; that he so told several of appellee's other employees and offered them inducements to leave appellee and go with him; that he also communicated with appellee's business contacts, known as "sponsors," in Oklahoma City, and Corsicana, Texas, with a view to having them act as "sponsors" for him instead of appellee; that over a period of years while acting as manager and road photographer, appellant became acquainted with appellee's customers in Dallas and elsewhere in his territory and as appellee's employee had ingratiated himself with appellee's customers and business friends.

The record also contains evidence that appellee had spent large sums of money advertising in newspapers and over the radio; that appellee's business catered to customers over even a larger area than that covered by a hundred mile radius from Dallas; that as a result many customers came to Dallas from other cities, and that part of appellee's business was road photography—an operation in which appellant, or one of appellant's subordinates, working through "sponsors" in various towns, went about the country taking pictures. It will be observed that appellant was in complete charge of the road operations as well as activities at the Dallas studio.

Provisions such as the one in controversy here are generally upheld if they are reasonable and appear to be necessary for the protection of the employer's business. Houston Credit Sales Co. v. English, Tex. Civ.App., 139 S.W.2d 163.

■ Appellant's first point on appeal is that the written contract and extensions thereof had expired prior to termination of appellee's employment, hence the controversial provision is not enforceable. The

last written extension of the original contract expired December 31, 1951. The paragraph in question binds appellant for a period of three years after its expiration. Such three year period would extend to December 31, 1954. We overrule appellant's first point.

■ Appellant's second point is to the effect that the area covered by the injunction—a hundred mile radius from Dallas—is too broad. It has been held that the territorial limit is reasonable if it is confined to the territory in which the employer keeps his market, or carries on his business. Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S.W. 295, 52 A.L.R. 1344. Similar injunctions have been upheld which included two Canadian provinces and all the States in the United States east of the Mississippi River, Hommel Co. v. Fink, 115 W.Va. 686, 177 S.E. 619; one hundred miles of any city in which employer maintained an office, Davey Tree Expert Co. v. Ackelbein, 233 Ky. 115, 25 S.W.2d 62; anywhere in the United States west of Detroit, Michigan, Wahlgren v. Bausch & Lomb Optical Co., 7 Cir., 68 F.2d 660, certiorari denied 1941, 292 U.S. 639, 54 S.Ct. 774, 78 L.Ed. 1491.

In the case before us the territory assigned to the appellant under the terms of his contract was substantially the entire northern half of the State of Texas. He was placed in entire charge of road operations for appellee, and went to numerous cities in North Texas. He had taken portraits in Sherman, Denison, Corsicana, and Oklahoma City. Appellee's advertising activities covered all the named territory and even more. Under these circumstances we consider that the territorial limits named in the order were not too broad. We overrule appellant's second point.

■ Appellant's third point is that the injunction is too broad in that it prohibits appellant from engaging in business activities in which appellee is not engaged. In particular, appellant points out that the order restrains him from engaging himself, or otherwise assisting anyone engaged directly or indirectly in the taking, making, developing, furnishing, soliciting, and selling of *"photographs and pictures"* (empha-

sis supplied), though appellee claims to be only a *portrait photographer*. We have examined the record and do not find any testimony showing that appellee's business operations extend into other fields of photography. A portrait has been defined as "a likeness of an individual produced by art, as in oils, watercolor, crayon, engraving, photography, or sculpture; especially, a painting representing the face of a real person, usually with more or less detail of the figure; a picture of a person." Funk & Wagnalls New Standard Dictionary (1941). From the above definition we conclude that a portrait photographer is one who takes photographs of persons. The purpose of the injunction is, of course, to restrain appellant from entering into a business in which he competes with his former employer. And the injunction should not go further than is necessary to accomplish that purpose. We are of the opinion that the temporary injunction should be modified to restrain appellant from engaging himself or otherwise assisting anyone engaged, directly or indirectly in the taking, making, developing, furnishing, soliciting and selling photo-

graphs and pictures *in the nature of portraits*.

It should be borne in mind that this is an appeal from an order granting a temporary injunction. The order of the trial court should not be reversed unless an abuse of discretion is shown. Texas Foundries v. International Moulders, etc., Tex. Sup., 248 S.W.2d 460, at page 463; Huston v. Throckmorton County, Tex.Civ.App., 215 S.W.2d 387, at page 389. We have considered all points raised by appellant. Except in the one detail hereinbefore pointed out, we certainly see no abuse of discretion in this case.

The order of the trial court is modified to restrain appellant from engaging himself or otherwise assisting anyone engaged directly or indirectly in the business of taking, making, developing, furnishing, soliciting and selling photographs and pictures *in the nature of portraits* within the City of Dallas and the surrounding territory within a radius of one hundred miles.

As so modified, the judgment of the trial court is affirmed.