JACQUELINE M. DICKERSON, Petitioner, v. THE
EIGHTH JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA, IN AND FOR THE COUNTY OF
CLARK, RESPONDENT.

No. 5082

June 3, 1966                    414 P.2d 946

[Rehearing denied July 1, 1966]

*Paul L. Larsen,* of Las Vegas, for Petitioner.

*Charles E. Catt,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an original proceeding in certiorari to review an order of the district court appointing the public administrator of Clark County, Phil Cummings, as the administrator of the estate of Edwin L. Van Dyke. For reasons hereafter expressed, we nullify that order because it was made in excess of jurisdiction. However, before dealing with that issue, we must first consider the respondent's motion to dismiss upon the ground that the remedy of appeal existed when the petition for certiorari was filed with this court.

1. Certiorari is appropriate when an inferior tribunal has exceeded its jurisdiction, there is no appeal, nor any plain, speedy and adequate remedy. NRS 34.020 (2). If one of the essentials is missing, the writ should not be granted. United Ass'n of Journeymen v. Dist. Ct., 82 Nev. 103, 412 P.2d 352 (1966) ; Gaming Control Board v. Dist. Ct., 82 Nev. 38, 409 P.2d 974 (1966) ; Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961). Since NRS 155.190 (1)[1] expressly

---

[1] NRS 155.190(1) reads: "In addition to any order or decree from which an appeal is expressly permitted by this Title, an appeal may be taken to the supreme court from an order or decree: 1. Granting or revoking letters testamentary or letters of administration."

authorizes an appeal from an order appointing an administrator of an estate, review of that order by extraordinary writ, in normal circumstances, would be precluded. However, the peculiar circumstances of this case require that we excuse the petitioner's failure to proceed by appeal as we were partially responsible for her failure to do so. One day following the notice of entry of the order appointing the administrator, counsel for petitioner requested authorization from this court to file a petition for a writ of certiorari. Authorization was granted and a date set for certification of the record and oral argument. This date was beyond the time within which an appeal could be taken. By our action, allowing the petition to be filed while the remedy of appeal still existed, we may have lulled the petitioner into a feeling of procedural security. Additionally, we note that the respondent's motion to dismiss this proceeding was not filed until after the time to appeal from the order in question had run. In these special circumstances, justice demands that we excuse the petitioner's failure to proceed by appeal. Accord: Rohwer v. Dist. Ct., 41 Utah 279, 125 P. 671 (1912) ; Herald-Republican Pub. Co. v. Lewis, 42 Utah 188, 129 P. 624 (1913) ; Lund v. Superior Court, 61 Cal.2d 698, 394 P.2d 707 (1964). Therefore, we deny the motion to dismiss this proceeding and turn to resolve the issue of jurisdiction.

2. Edwin L. Van Dyke, a resident of Clark County, Nevada, died intestate on December 15, 1965. His only heirs are two nieces and a nephew. The nephew, Kenneth Lynch, and one niece, Wanda Lynch Hawkins, are residents of California. The other niece and the petitioner herein, Jacqueline Dickerson, is a resident of Clark County, Nevada. The nonresident heirs nominated Phil Cummings, the public administrator of Clark County, to be the administrator of the estate, and on December 29, 1965, Cummings petitioned the court for appointment. The resident heir filed objections and herself sought the appointment. Before a hearing was held on the Cummings petition and the objections thereto, all heirs filed a purported withdrawal of the nomination of Cummings and nominated Jacqueline Dickerson and the First National Bank of Nevada as coadministrators.

After a hearing, the court appointed Cummings to be the administrator and specifically found: That Cummings had entered upon the duties of administering the estate pursuant to his nomination to act in that capacity; that Jacqueline Dickerson "the only heir resident of Nevada is not qualified because of an adverse interest"; and, that the attempted withdrawal of the nomination of Cummings was made without a showing of incompetence or some other good cause. It is this order which the petitioner challenges as having been made in excess of jurisdiction.

3. The qualifications entitling one to letters of administration are designated by NRS 139.010,[2] and the order of priority by NRS 139.040.[3] Those provisions and the provisions of NRS 139.050[4] compel the conclusion that the right of one to nominate an administrator of an estate is subject to the same qualifications governing the right to administer an estate. Here, as the nonresident nephew and niece could not themselves be entitled to letters of administration (NRS 139.010(4)) they were equally without capacity to nominate someone else to act. Although it is true that the nonresident nephew and niece are "any other kindred entitled to share in the distribution of the estate" (NRS 139.040 (1) (g)), they could not, as members of that class, secure

---

[2]NRS 139.010 in pertinent part reads: "No person shall be entitled to letters of administration: 1. Who shall be under the age of majority; * * * 4. Who is not a resident of the State of Nevada."

[3]NRS 139.040 provides: "1. Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: (a) The surviving husband or wife. * * * (g) Any other of the kindred entitled to share in the distribution of the estate. * * * (i) The public administrator. * * * (k) Any person or persons legally competent.

"2. Persons in each of the foregoing classes shall have the right of nomination and appointment, and a nominated and appointed person shall have the same priority as his nominator and appointor."

[4]NRS 139.050 reads: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

a priority since subdivision 2 of NRS 139.040 demands that the party nominated "shall have the same priority as his nominator." Being themselves disqualified by virtue of their nonresidency, they had no priority to offer their nominee. A fortiori, their nomination of Phil Cummings to be the administrator was, and is, a nullity.

Our conclusion is strengthened by NRS 139.050. That section authorizes the grant of letters of administration to "one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in court," thus making it clear that the request, or nomination, must be made by one who is himself entitled to letters. Here, only the resident niece, Jacqueline Dickerson, could request that letters of administration be issued to the public administrator. She not only failed to nominate him, but objected to his nomination by the nonresident nephew and niece. For the reasons mentioned, we think it clear that the order appointing Phil Cummings the administrator of this estate was an order in excess of jurisdiction and void.

4. The provisions of NRS 139.040 fixing priority are mandatory and the court must appoint the person preferred by statute if otherwise competent. In re Taylor's Estate, 61 Nev. 68, 114 P.2d 1086 (1941). In this regard, we note the finding below that "Jacqueline Dickerson the only heir resident of Nevada is not qualified because of an adverse interest." There is nothing in the record of this estate proceeding to explain what the lower court had in mind in so finding. In any event, NRS 139.010 does not specify that an "adverse interest" disqualifies. The four disqualifying conditions listed are minority, conviction of a felony, nonresidency, or proof leading to a judgment that the applicant for letters is "incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of integrity or understanding." None of the disqualifying conditions are reflected in this record.

The order appointing the public administrator Phil Cummings, as the administrator of the estate of Edwin L. Van Dyke, is vacated. The district court is directed

to issue letters of coadministration to Jacqueline Dickerson, the petitioner herein, and the First National Bank of Nevada.[5]

COLLINS, J., and ZENOFF, D. J., concur.

---

[5]Mrs. Dickerson nominated the First National Bank of Nevada as coadministrator. This was permissible. NRS 139.050; 139.070.