CHARLES T. ELLIS, M.D., Petitioner, *v.* HONORABLE JOSEPH O. McDANIEL, FOURTH JUDICIAL DISTRICT COURT IN AND FOR THE COUNTY OF ELKO, Respondent.

No. 11622

June 14, 1979                                              596 P.2d 222

*Bradley and Drendel,* Reno, for Petitioner.

*Stewart R. Wilson,* Elko, for Respondent.

*Evans & Bilyeu,* and *Zane S. Miles,* Elko, for Amicus Curiae.

## OPINION

By the Court, MANOUKIAN, J.:

On December 18, 1977 appellant Dr. Charles T. Ellis, a duly licensed and certified specialist in orthopedic surgery, negotiated a contract of employment with Collett, Hood, Moren and Read, Ltd., a professional medical corporation, doing business as the Elko Clinic, for a six-month period beginning September 1, 1978.

At the time the contract was entered, the parties contemplated that at the end of six months Dr. Ellis would be extended the option to either become a stockholder in the corporation or to continue his employment without buying stock. Further, the contract provided that upon the termination of his employment, and for a period of two years thereafter, Dr. Ellis would not compete with the Clinic within a radius of five miles from the city of Elko. Specifically, the restrictive covenant provides:

> In the event that [Dr. Ellis'] employment by [the Elko Clinic] terminates for any reason, [Dr. Ellis] *shall not undertake to practice medicine within a distance of five miles from the city limits of Elko, Nevada for a period of two years* from the termination date of his employment by the [Elko Clinic]. It is understood that *in the event [Dr.*

*Ellis]* *violates the foregoing provision* of this Contract, *[the Elko Clinic] may obtain an injunction* in the Fourth Judicial District Court of the State of Nevada to insure [his] compliance with this provision. This remedy is in addition to any other remedies which [the Elko Clinic] may have against [Dr. Ellis] in law or equity for his violation of this provision. (Emphasis added.)

In September, 1978, Dr. Ellis began performance under the contract. He saw patients in need of orthopedic services who, prior to his employment would have been referred to specialists in Reno, Salt Lake City, or elsewhere beyond the State's territorial boundaries. In January, 1979, Dr. Ellis informed principals of the Clinic that on the expiration of his contract, he intended to establish his own office in Elko for the practice of his specialty. Pursuant to the terms of the contract, the Clinic filed its complaint and motion for a preliminary injunction against Dr. Ellis' threatened action, alleging Dr. Ellis had violated his covenant not to compete by taking steps (including the rental of office space, copying of files, and attempting to persuade other Clinic employees to join him) to enter private practice in Elko. Dr. Ellis answered, claiming the post employment restrictive covenant was unenforceable, and counterclaimed for damages.

Following hearing, the district court on February 26, 1979 entered an order granting the preliminary injunction.

On March 1, 1979 Dr. Ellis filed the instant petition seeking to prohibit Judge McDaniel from enforcing the preliminary injunction on the ground that he had exceeded his jurisdiction in granting the preliminary relief. On March 2, 1979, we noted that: "[Dr. Ellis] has set forth jurisdictional and procedural issues, which may be arguable, and that petitioner may have no plain, speedy and adequate remedy in the ordinary course of law . . ." and ordered respondent to answer.

1. Since an order granting a preliminary injunction is appealable, NRAP 3A(b) (2), Dr. Ellis' petition for a writ of prohibition is procedurally incorrect. NRS 34.330. However, in view of our own action, allowing the filing of the petition, ordering respondent to answer, and thereafter setting the matter for briefing and oral argument, thereby lulling petitioner into a feeling of procedural security, Dickerson v. District Court, 82 Nev. 234, 414 P.2d 946 (1966), we opt to treat the application as an appeal. State v. District Court, 85 Nev. 381, 455 P.2d 923 (1969); Dickerson v. State, *supra.*

2. In Hansen v. Edwards, 83 Nev. 189, 426 P.2d 792 (1967), we considered an appeal from an order granting an injunction enforcing a post employment covenant not to compete. The covenant, silent as to its duration, provided that Dr. Hansen was not to engage in the practice of surgical chiropody within a radius of 100 miles of Reno upon the termination of his employment. The agreement was executed in 1959 and re-executed in 1966. When, in 1966, Dr. Hansen terminated the contract and opened his own office for the practice of podiatry near Dr. Edwards' Reno office, Edwards sued to enforce the covenant. The trial court granted Dr. Edwards a preliminary injunction pending trial on the merits. Hansen appealed claiming the injunction was invalid as against public policy. This court disagreed, saying:

> An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee a greater restraint than is reasonably necessary to protect the business and goodwill of the employer. A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement. [Citations.]
>
> The medical profession is not exempt from a restrictive covenant provided the covenant meets the tests of reasonableness. [Citations.] The public has an interest in seeing that competition is not unreasonably limited or restricted, but it also has an interest in protecting the freedom of persons to contract, and enforcing contractual rights and obligations.

*Id.*, at 191–192, 426 P.2d at 793. Finding the covenant otherwise reasonable, we limited the duration of the covenant to one year, and as modified, affirmed the order of the district court. *Id.*

There is no inflexible formula for deciding the ubiquitous

question of reasonableness. However, because the loss of a person's livelihood is a very serious matter, post employment anti-competitive covenants are scrutinized with greater care than are similar covenants incident to the sale of a business. See, for example, Golden State Linen Service, Inc. v. Vidalin, 137 Cal. Rptr. 807, 813 (Cal. App. 1977); Purchasing Associates, Inc. v. Weitz, 196 N.E.2d 245 (N.Y. 1963); Crowell v. Woodruff, 245 S.W.2d 447 (Ky. 1952).

Here, as the covenant is territorially limited to the geographic area serviced by the Clinic, and durationally limited to a reasonable length of time, the preliminary considerations of reasonableness are satisfied. Hansen v. Edwards, *supra;* Marshall v. Covington, 339 P.2d 504 (Idaho 1959); Granger v. Craven, 199 N.W. 10 (Minn. 1924). Recognizing that the good will and reputation of the Clinic are valuable assets and that certain of its orthopedic patients are likely to follow Dr. Ellis on his departure, we are nonetheless constrained to agree with appellant that since none of the doctors at the Elko Clinic are orthopedic specialists, a restraint on Dr. Ellis' practice of his specialty in the Elko area is unreasonable and beyond the scope of any legitimate protectible interest of the Clinic. Karpinski v. Ingrasci, 268 N.E.2d 751 (N.Y. 1971). Although an injunction against Dr. Ellis' practice as a general practitioner is a reasonable restraint in order to protect the good will of the Elko Clinic, a prohibition against his practice as an orthopedic surgeon, a specialty in which none of the doctors at the Clinic is engaged, is not justified.

Moreover, Elko General Hospital is the only hospital between Reno and Salt Lake City equipped to perform major surgical procedures. If Dr. Ellis is not permitted to practice his specialty there, patients in need of orthopedic services will be forced to travel great distances at considerable risk and expense in order to avail themselves of such services. Thus, in the instant case, the public interest in retaining the services of the specialist is greater than the interest in protecting the integrity of the contract provision to its outer limits.

Finally, assessing the relative hardships, we conclude that the loss to Dr. Ellis and the public by enforcing the covenant is far in excess of the threatened danger to the Clinic resulting from a limited enforcement of the restriction to permit Dr. Ellis to practice his specialty. We therefore exercise our equitable power by denying enforcement of the covenant to the extent that it purports to prohibit Dr. Ellis from practicing orthopedic surgery. Concurrently, we will enforce the covenant by prohibiting Dr. Ellis from engaging in the *general practice* of medicine

within the time and space limitations set out in the contract. Hansen v. Edwards, *supra;* Karpinski v. Ingrasci, *supra;* Haig v. Gittings, 260 S.W.2d 311 (Tex. Civ. App. 1953); and see Annot., 61 A.L.R.3d 397, 404 (1975).

The order granting the preliminary injunction is modified.

MOWBRAY, C. J., and THOMPSON, J., concur.

GUNDERSON, J., with whom BATJER, J., agrees, dissenting:

We respectfully dissent.

Dickerson v. District Court, 82 Nev. 234, 414 P.2d 946 (1966), did not hold that a petition for extraordinary relief could be considered an appeal. *Dickerson* held, rather, that if this court "lulled" the petitioner into believing a petition for extraordinary relief would be considered, then this court would excuse consequent failure to appeal, and would consider jurisdictional issues proffered by the petition. The distinction is significant. [1]

Here, whether the scope of the preliminary injunction was erroneous in light of the evidence is surely not a jurisdictional issue. It is one addressed to the district court's sound discretion, and is reviewable only by appeal. By law, such issues are outside the ambit of prohibition. NRS 34.320.

Moreover, even on an appeal, it would be incumbent on Dr. Ellis to bring this court a proper record of the proceedings. Again, heretofore, it has never been this court's practice to review the actions of trial courts, without transcripts, on the basis of whatever can be gleaned from argument of counsel. *See,* for example, Pfister v. Shelton, 69 Nev. 309, 250 P.2d 239 (1952).

Thus, this court is certainly breaking new ground. Without reviewing the record before the district court—in a case over which that court clearly had jurisdiction—this court is here intervening through extraordinary proceedings to review and restructure a routine preliminary injunction. In our view, rather than second-guessing the district court, in the absence of the evidence upon which that court acted, we should dismiss these proceedings, and allow the district court to proceed to a trial on the merits.

---

[1]The distinction was ignored in State v. District Court, 85 Nev. 381, 455 P.2d 923 (1969). There was no need to consider those certiorari proceedings as an appeal. They might better have been considered as in mandamus to require a proper exercise of jurisdiction.