*1148 OPINION
By the Court,
Young, J.:
Every dog must have its day, and this is the day for every dog trained to help our handicapped citizens. Respondent Anne Buchanan (“Buchanan”), a volunteer trainer of helping dogs for handicapped people, is also a music teacher for appellant Clark County School District (“CCSD”). When Buchanan asked CCSD if she could bring a helping dog she was training to her classroom, CCSD howled its disapproval. CCSD denied Buchanan’s request because it believed that the presence of a dog in the classroom would distract Buchanan from teaching and could be detrimental to children who are afraid of dogs or allergic to dogs.
Buchanan filed a complaint seeking damages and injunctive relief against CCSD. The complaint was based upon a provision in NRS 651.075 that precludes places of public accommodation from refusing admittance to a person training a helping dog. The district court, in what might be seen as an attempt to teach an old dog new tricks, granted Buchanan’s request for a preliminary injunction.
In this appeal, CCSD continues its dogged efforts by arguing that the district court did not properly apply NRS 651.075 or properly balance the hardships of the parties. Based on the reasoning in this opinion, there is an irresistible temptation to conclude that CCSD’s appeal barks up the wrong tree. Accordingly, we affirm the district court’s ruling, hopefully ending what might be viewed as another form of judicial dog fight.

FACTS

Buchanan is the only CCSD music instructor at the Vail Pittman Elementary School (“Vail Pittman”) in Las Vegas. Each *1149 of Vail Pittman’s 600 students is required to receive fifty minutes of music instruction per week. Buchanan is also a volunteer helping dog trainer for Canine Companions for Independence (“CCI”). Helping dogs assist non-blind handicapped persons as guide dogs assist blind persons. Helping dogs are trained to perform hundreds of daily functions for their masters. Buchanan was training “Maria,” a 25-35 pound golden retriever, when the present dispute arose.
The purpose of Buchanan’s role in helping dog training is to acclimate a helping dog to a home environment and the public environment that the dog’s future master must frequent. When in a public environment, helping dogs are trained to refrain from contact with other humans, unless directed, and will typically lie down or sleep next to their master for extended periods of time. If not properly trained for such environments, training dogs often fail to become helping dogs.
During the 1994-95 school year, the dog days began. Buchanan asked CCSD to allow her to bring Maria to her classroom every day to lie down or sleep under her desk. According to Buchanan, such exposure was essential for Maria’s training because if Maria were left at home, Maria would not properly learn how to lie still in the company of other human beings. CCSD denied Buchanan’s request, in part because CCSD believed the presence of Maria in the classroom would distract Buchanan from instructing students. Also, CCSD believed it was improper to force students who were afraid of dogs or allergic to dogs to attend music class in the presence of Maria.
Refusing to take CCSD’s decision lying down, Buchanan filed a complaint based upon NRS 651.075,[1] seeking damages and injunctive relief against CCSD. On September 1, 1995, the district court granted Buchanan a preliminary injunction. In pertinent part, the injunction read as follows:
1. BUCHANAN’S Motion for Preliminary Injunction is hereby granted. The DISTRICT shall allow BUCHANAN to bring her training dog to her classroom during working hours.
2. BUCHANAN shall comply with all legitimate conditions the DISTRICT may require to implement this ORDER.
3. If, after BUCHANAN has been allowed to bring the *1150 dog to her classroom, the DISTRICT identifies serious difficulties and/or dangers created by the presence of BUCHANAN’S dog which cannot be resolved by BUCHANAN and/or her union, the Clark County Classroom Teachers Association, the DISTRICT may bring the matter back to this Court for further consideration.

DISCUSSION

A preliminary injunction is available if an applicant can show a likelihood of success on the merits and a reasonable probability the non-moving party’s conduct, if allowed to continue, will cause irreparable harm. Pickett v. Comanche Construction, Inc., 108 Nev. 422, 426, 836 P.2d 42, 44 (1992); Berryman v. Int’l Bhd. Elec. Workers, 82 Nev. 277, 280, 416 P.2d 387, 389 (1966). The district court may also weigh the public interest and the relative hardships of the parties in deciding whether to grant a preliminary injunction. See Ellis v. McDaniel, 95 Nev. 455, 459, 596 P.2d 222, 224-25 (1979).
While the granting of a preliminary injunction lies within the discretion of the district court, the reasons for its issuance must be sufficiently clear. Las Vegas Novelty v. Fernandez, 106 Nev. 113, 118-19, 787 P.2d 772, 775 (1990); Number One Rent-A-Car v. Ramada Inns, 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978). The reasons determined by the district court should not be disturbed on appeal unless they are clearly erroneous. Hermann Trust v. Varco-Pruden Buildings, 106 Nev. 564, 566, 796 P.2d 590, 592 (1990).

Likelihood of success on the merits

Typically, a party moving for an injunction must show a reasonable probability of success on the merits. Christensen v. Chromalloy Amer. Corp., 99 Nev. 34, 36, 656 P.2d 844, 846 (1983). In this case, the district court concluded that “it is highly probable that BUCHANAN will succeed in this lawsuit.”
According to NRS 651.075(l)(b), a place of public accommodation is precluded from refusing admittance to a person training a helping dog. A place of public accommodation includes “any nursery, private school, university or other place of education.” NRS 651.050(2) (k). If a person training a helping dog is denied access to a place of public accommodation, that person may seek injunctive relief. NRS 651.090(2)(a).
*1151 We conclude that Buchanan is a trainer of helping dogs and that Vail Pittman is a place of public accommodation. Accordingly, we conclude that NRS 651.075(l)(b) entitles Buchanan to be admitted to Vail Pittman with whatever helping dog she may be training.
CCSD argues that an interpretation of NRS 651.075(1) which allows an employee at a place of public accommodation to benefit from the statute’s protection of helping dog trainers is inappropriate. CCSD asserts that the statutory guarantee of admittance and service for trainers at places of public accommodation envisioned protection for non-employees of those public entities.
NRS 651.075(1) is intended to protect handicapped persons who rely on a trained dog for assistance from being excluded from public places. See NRS 651.075(1). Presumably, this protection would apply to a handicapped teacher who needed a helping dog for assistance, thereby mandating a school district to accommodate that teacher by allowing the dog in the classroom. We conclude that the policy and spirit of NRS 651.075(l)(b) was to extend the same protection to the trainers of assistance dogs, whether they are employees or not. Without such protection, helping dogs could not be properly trained to assist handicapped individuals who work in public places. See Hunt v. Warden, 111 Nev. 1284, 903 P.2d 826 (1995); Houtz v. State of Nevada, 111 Nev. 457, 893 P.2d 355 (1995).[2]
Despite our interpretation of NRS 651.075(1), we recognize that the Nevada Legislature has placed an enormous responsibility upon CCSD to manage the education of Clark County’s students. Part and parcel with that responsibility is CCSD’s authority to make operational decisions regarding the functioning of its schools. Accordingly, CCSD has the power to place reasonable restrictions upon the rights of its employees while they are in the workplace.
Despite the dissent’s deep-felt concern that our ruling will perpetrate an overwhelming burden upon many employers in our state, it should be clear from our opinion that the right of a helping dog trainer to train a dog in a place of employment must be balanced against an employer’s operational needs. Just as the district court ruled in this case, an employer and a helping dog trainer should take reasonable steps to accommodate each other’s *1152 needs. In cases where legitimate health concerns are proven, the employer may properly place reasonable restrictions on an employee’s right to train a helping dog as are necessary to prevent health problems.
In this case, we conclude that CCSD’s refusal to negotiate a reasonable compromise with Buchanan, despite Buchanan’s rights under NRS 651.075(1), was unreasonable. Buchanan was willing to place her dog under her desk or in another classroom to accommodate the needs of her students. Therefore, we conclude that the district court correctly ruled that Buchanan has a high probability of success on the merits of this dispute. Also, we conclude that the district court properly fashioned its injunction by requiring Buchanan to comply with legitimate restrictions CCSD may place on her training dog’s presence in the classroom.

Irreparable harm

In considering the necessity of a helping dog trainer taking a training dog everywhere the trainer goes, the district court commented:
To properly complete the training of each dog it will be necessary for BUCHANAN to take the dog with her everywhere she goes, including to her place of employment, the elementary schools owned and operated by the DISTRICT. A helping dog must be trained to be the constant companion of her master, and such training requires that the dog accompany its trainer during her working hours.
Unless the DISTRICT is ordered to allow the dog to accompany BUCHANAN to work the dog’s training will be incomplete and the CCI training being conducted by BUCHANAN will suffer irreparable harm.
Helping dogs are trained to serve their master in the environment where their master works. To ensure that a helping dog can fulfill that responsibility, the training program must expose the training dog to the environments where the future master will work. Accordingly, we conclude that the district court’s conclusion was not clearly erroneous. See Hermann Trust, 106 Nev. at 566, 796 P.2d at 592.

Public interest

CCSD argues that the district court’s ruling ignores the public’s interest in CCSD’s ability to serve the health, safety, and *1153 educational needs of 168,000 children. According to CCSD, the presence of a dog in the classroom creates a health concern for students with allergic reactions to dogs and could distract students from learning. CCSD also points out that a few parents called or sent letters to CCSD protesting the presence of a dog in their children’s classroom.
We conclude that CCSD ignores the public’s interest in facilitating the training of helping dogs. These dogs allow handicapped individuals to conduct full and productive lives that benefit society. Presumably, this very public interest concern motivated the legislature’s enactment of NRS 651.075. Originally, NRS 651.075 precluded places of public accommodation from hindering access to handicapped individuals with guide or helping dogs. In 1987, that same protection was extended to the trainers of guide and helping dogs. 1987 Nev. Stat., ch. 359, § 12 at 824. Accordingly, we conclude that CCSD’s argument is without merit.

Balance of hardships

CCSD contends that the district court did not properly consider the hardship that CCSD will suffer if Buchanan is allowed to take her dog to class. We conclude that CCSD has cried wolf one too many times. First, other teachers at Vail Pittman are allowed to have pets in their classrooms for educational purposes. The presence of a helping dog, sleeping beneath a desk, could not be more distracting than the caged rabbits, snakes, lizards, breeding gerbils, rats, and aquarium full of fish which are present in another Vail Pittman classroom — apparently without complaint!
Second, the Carson City School District has allowed training dogs in classrooms for many years, and the dogs do not distract from teaching. In fact, the presence of the dogs helps instill in students the importance of community involvement and concern for the well-being of our fellow person.
Third, CCSD admits that if Buchanan were actually handicapped, they would comply with NRS 651.075. This concession displays the limited hardship that CCSD will suffer pursuant to the preliminary injunction under review in this case.
Fourth the district court, with appropriate foresight, accounted for any hardships CCSD might suffer by requiring Buchanan to cooperate with CCSD in implementing the preliminary injunction. Buchanan is willing to move her training dog to another classroom if a student is afraid of dogs or allergic to dogs, and the training dog would remain under Buchanan’s desk where children would not see her.

*1154
CONCLUSION

We conclude that CCSD’s appeal is without merit because the district court properly interpreted NRS 651.075 and properly evaluated the relative hardships of the parties. Accordingly, we should not discriminate against “man’s best friend.” Justice must be even-pawed!
Shearing and Rose, JJ., concur.

The pertinent portion of NRS 651.075(1) reads as follows:
1. It is unlawful for a place of public accommodation to:
(a) Refuse admittance or service to a person with a visual, aural or physical disability because he is accompanied by a guide dog, hearing dog, helping dog or other service animal;
(b) Refuse admittance or service to a person training such an animal

In line with the dissent, we recognize and respect the legislature’s right to review our interpretation of NRS 651.075(1) and clarify its intent by amending NRS 651.075(1).