An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES S. TATE, JR.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA BOARD OF
MEDICAL EXAMINERS,
Real Party in Interest.

No. 65421

**FILED**

APR 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING EMERGENCY PETITION*
*FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original emergency petition for a writ of mandamus or prohibition challenging the district court's denial of a motion to enjoin the execution of a disciplinary order entered by the Board of Medical Examiners.[1]

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its

[1]The Honorable Mark Gibbons, Chief Justice, voluntarily recused himself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-12608

judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). An appeal is typically an adequate legal remedy precluding writ relief. *Id.* at 224, 88 P.3d at 841.

Having considered the petition, answer, and reply,[2] we conclude that our intervention by extraordinary writ relief is not warranted because petitioner has an adequate legal remedy in the form of an appeal from any adverse judgment. *See* NRS 34.170; NRS 34.330; *Pan*, 120 Nev. at 224, 88 P.3d at 841. An order denying a motion for an injunction is appealable.[3] *See* NRAP 3A(b)(3) (allowing an appeal from an order denying an injunction); *Ellis v. McDaniel*, 95 Nev. 455, 457, 596 P.2d 222, 223 (1979). Accordingly, as petitioner has a speedy and adequate

---

[2]On April 18, 2014, petitioner filed a motion for leave to file a limited reply to real party in interest's answer to the petition. Having considered the motion, we grant it and direct the clerk of this court to detach and file the reply, which was attached to the April 18 motion.

[3]Petitioner acknowledges in his petition that a district court's denial of injunctive relief is reviewed on direct appeal. Petitioner asserts that the time constraints in this matter warrant expedited consideration. In cases in which parties file a direct appeal and seek emergency relief, this court reviews any properly made requests under the established procedures provided by the appellate rules. *See* NRAP 8.

remedy available in the form of an appeal, we deny the petition. *See Pan*, 120 Nev. at 224-25, 88 P.3d at 841; *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., concurring:

    I concur in the result only.

_____*Pickering*_____, J.
Pickering

cc:    Hon. James M. Bixler, District Judge
       Hafter Law
       Bradley O. Van Ry
       Eighth District Court Clerk