134 Nev., Advance Opinion 61

IN THE SUPREME COURT OF THE STATE OF NEVADA

LANDON SHORES,
Appellant,
vs.
GLOBAL EXPERIENCE SPECIALISTS,
INC.,
Respondent.

No. 72716

FILED

AUG 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a preliminary injunction in an employment matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Reversed.*

Kemp, Jones & Coulthard, LLP, and Mark M. Jones and Madison Zornes-Vela, Las Vegas,
for Appellant.

Jolley Urga Woodbury & Little and David J. Malley and William R. Urga, Las Vegas,
for Respondent.

BEFORE CHERRY and STIGLICH, JJ., and SAITTA, Sr.J.[1]

*OPINION*

By the Court, CHERRY, J.:

In this appeal, we consider a preliminary injunction enforcing a noncompete agreement against a former employee. The question

---

[1]The Honorable Nancy M. Saitta, Senior Justice, was appointed by the court to sit in place of the Honorable Ron Parraguirre, Justice, who is disqualified from participation in this matter. Nev. Const. art. 6 § 19(1)(c); SCR 10.

18-29638

presented to this court is whether respondent Global Experience Specialists, Inc. (GES) demonstrated a likelihood of success on the merits sufficient to warrant temporarily upholding the agreement with a preliminary injunction, where the noncompete agreement geographically covers the entire United States, but the evidence presented demonstrated that GES had business contacts in a limited number of jurisdictions. To be upheld as reasonable, a noncompete agreement must be limited to geographical areas in which the employer has particular business interests. While an employer claiming breach of a noncompete agreement need not prove its case in order to obtain a preliminary injunction, it must make a prima facie showing that the noncompete agreement is reasonable in scope in order to establish a likelihood of success on the merits of such a claim. As that was not done here, we reverse.

## FACTS AND PROCEDURAL HISTORY

Appellant Landon Shores worked as a sales associate for GES from June 2013 to September 2016. In September 2016, GES promoted Shores to sales manager, where his duties involved soliciting trade shows and conventions to contract with GES to build show floors and exhibits. As a condition of his promotion, Shores was required to sign a Confidentiality and Non-Competition Agreement (NCA).

The NCA stated, in relevant part, that Shores would be unable to compete with GES directly or indirectly, or work in a similar capacity for any of GES's competitors, for the 12 months following the end of his employment. It indicated that these restrictions would apply throughout the United States.

In January 2017, Shores informed GES that he had taken a position with one of GES's competitors in Southern California in a position

that was the same or substantially similar to his position at GES. He moved to Southern California shortly thereafter and began working for the competitor, but he states that he has made no attempts to solicit the clients he solicited on behalf of GES, undisputed by GES to this point.

GES filed a complaint against Shores, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and seeking damages and injunctive relief. GES moved for a preliminary injunction, seeking to enforce the terms of the NCA against Shores. Shores opposed the motion, arguing that, in order to make the requisite showing of a likelihood of success on the merits, GES was required to provide evidence that the restrictions in the NCA were reasonable. He asserted that, because GES had not provided the court with evidence of protectable business interests across the United States, it had not made a prima facie showing of reasonableness and thus failed to demonstrate a likelihood of success. GES replied by providing a spreadsheet showing that over the last two years it had conducted business with clients in at least one city in 33 states, the District of Columbia, and Puerto Rico.

The district court granted the preliminary injunction, enjoining Shores from performing services "that are competitive with and/or similar to the services he performed for GES." The court concluded that (1) GES's contracts in 33 states established that it had a national client base and Shores had interacted with clients on behalf of GES in a number of major American cities; (2) by actively marketing to customers in competition with GES, Shores obtained an unfair advantage and GES suffered a corresponding unfair disadvantage; (3) the geographic scope of the NCA was reasonable given GES's nationwide dealings; (4) if Shores was knowingly

 

and intentionally accepting competing employment in violation of the NCA, the balance of hardships would weigh in favor of GES based on GES's potential loss of clients; and (5) Shores' competitive conduct created an unreasonable interference with GES's business. The court concluded that compensatory damages would be an inadequate remedy, such that GES met the irreparable harm element for preliminary injunctive relief. Shores now appeals that decision.

## DISCUSSION

### Standard of review

A party seeking a preliminary injunction must show a likelihood of success on the merits of their case and that they will suffer irreparable harm without preliminary relief. *Clark Cty. Sch. Dist. v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996). "[T]his court will only reverse the district court's decision when the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015) (quoting *Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009) (internal quotation marks omitted)). "A decision that lacks support in the form of substantial evidence is arbitrary or capricious and, therefore, an abuse of discretion." *Finkel v. Cashman Prof'l, Inc.*, 128 Nev. 68, 72-73, 270 P.3d 1259, 1262 (2012) (quoting *Stratosphere Gaming Corp. v. Las Vegas*, 120 Nev. 523, 528, 96 P.3d 756, 760 (2004) (internal quotation marks omitted)). "An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or it disregards controlling law." *MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 88, 367 P.3d 1286, 1292 (2016).

 

*The district court abused its discretion in finding that the nationwide noncompete agreement was reasonable*

Shores argues that, in order for a noncompete agreement to be reasonable, its geographical scope must be limited to areas in which the enforcing party has protectable business interests. He further contends that the conclusory characterization of a business as nationwide does not automatically make a nationwide restriction reasonable. He asserts that the district court abused its discretion by finding that a nationwide restriction is reasonable, because the evidence showed GES's client-base was limited to 33 states, and often further limited to just 1 city within those states. Thus, he argues that the preliminary injunction improperly prevents him from working in his chosen profession in a number of jurisdictions for which GES has presented no evidence of previously existing business contacts. We agree.

In order to establish that a party is likely to succeed in enforcing a noncompete agreement for the purpose of a preliminary injunction, the court must look to whether the terms of the noncompete agreement are likely to be found reasonable at trial. *Camco, Inc. v. Baker*, 113 Nev. 512, 518, 936 P.2d 829, 832 (1997).[2] Reasonable restrictions are those that are "reasonably necessary to protect the business and goodwill of the employer." *Jones v. Deeter*, 112 Nev. 291, 296, 913 P.2d 1272, 1275 (1996). Conversely,

---

[2]We do not here overturn or abrogate our caselaw permitting this court to modify preliminary injunctions enforcing noncompete agreements after finding the agreements to be unreasonable. *See Golden Rd. Motor Inn, Inc. v. Islam*, 132 Nev., Adv. Op. 49, 376 P.3d 151, 156 (2016). However, neither party argued for modification of the preliminary injunction or what a reasonable scope of that modified preliminary injunction would be, only seeking preliminarily injunctive relief by the terms of the NCA. As such, we do not address the appropriateness of that relief here.

"[a] restraint of trade is unreasonable . . . if it is greater than is required for the protection of the person for whose benefit the restraint is imposed." *Hansen v. Edwards*, 83 Nev. 189, 191-92, 426 P.2d 792, 793 (1967). This court evaluates post-employment noncompete agreements with a higher degree of scrutiny than other kinds of noncompete agreements because of the seriousness of restricting an individual's ability to earn an income. *Ellis v. McDaniel*, 95 Nev. 455, 459, 596 P.2d 222, 224 (1979). We consider (1) the duration of the restriction, (2) the geographical scope of the restriction, and (3) the hardship that will be faced by the restricted party in determining whether a noncompete agreement is reasonable. *Jones*, 112 Nev. at 296, 913 P.2d at 1275; *see also* NRS 613.200(4) (stating that noncompete agreements are enforceable when reasonable in scope and duration).

The geographical scope of a restriction must be limited to areas where the employer has "established customer contacts and good will." *Camco*, 113 Nev. at 520, 936 P.2d at 834 (internal quotation marks omitted). In *Camco*, we considered a district court order denying a motion for a preliminary injunction to enforce a noncompete agreement that prohibited former employees from opening competing businesses within 50 miles of any of the former employer's stores or areas the former employer had targeted for expansion. *Id.* at 519-20, 936 P.2d at 833-34. We concluded that, because the noncompete agreement covered territory in which the former employer had not established business contacts, its geographical scope was overly broad, it was not likely to be found reasonable at trial, and the district court properly denied preliminary injunctive relief. *Id.* at 520, 936 P.2d at 834.

While *Camco* did not involve a business entity with clients in multiple states or a nationwide territorial restriction, it announced clear precedent that is no less applicable in this case. A noncompete agreement that reaches beyond the geographical areas in which an entity has protectable business interests, by definition, is not "reasonably necessary to protect the business and goodwill of the employer." *Jones*, 112 Nev. at 296, 913 P.2d at 1275. There is no transformation resulting from the semantic designation as a nationwide business that renders our precedent on noncompete agreements inapplicable.

In the present case, GES presented evidence that it had conducted business in 33 states, the District of Columbia, and Puerto Rico. To then find that enforcement of the NCA throughout the United States is reasonable would apply its restrictions to geographical areas in which GES has made no showing of business interests. In concluding that GES conducted business nationwide and a nationwide noncompete agreement was consequently reasonable, the district court made no mention of existing precedent requiring the geographical scope of a noncompete agreement to be limited to areas where the enforcing party has "established customer contacts and good will." *Camco*, 113 Nev. at 520, 936 P.2d at 834 (internal quotation marks omitted). The NCA was, therefore, overbroad in relation to the preliminary evidence presented to the district court, and the court abused its discretion in failing to apply controlling precedent.

GES contends, however, that even without showing business contacts in the restricted areas, the district court did not err because preliminary injunctions are necessarily granted on incomplete evidence. With the understanding that there will be further factual development during trial proceedings, a district court ordinarily does not decide the

 

ultimate merits of a case in deciding whether to grant temporal relief in the form of a preliminary injunction. *Hansen*, 83 Nev. at 192-93, 426 P.2d at 794. But the party seeking a preliminary injunction must demonstrate a reasonable probability of success on the merits, which in this case means that GES had to demonstrate a reasonable probability of meeting its burden of proof that the noncompete agreement satisfied reasonability criteria, such that it would be enforceable. *Camco*, 113 Nev. at 518, 936 P.2d at 832-33; *Clark Cty. Sch. Dist. v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996); *Jones*, 112 Nev. at 296, 913 P.2d at 1275. While the moving party need not establish certain victory on the merits, it must make a prima facie showing through substantial evidence that it is entitled to the preliminary relief requested. *Finkel v. Cashman Prof'l, Inc.*, 128 Nev. 68, 72, 270 P.3d 1259, 1262 (2012); *see* 43A C.J.S. *Injunctions* § 55 (2014) ("It is necessary and sufficient that the petition make out a prima facie case showing a right to the final relief sought.").

Trial proceedings may ultimately reveal that GES is, in fact, ubiquitous throughout the United States, or that its contacts within certain areas are insufficient to create protectable business interests justifying a broad territorial restriction. Thus, absent an appeal from any judgment rendered on the merits of GES's complaint based on a fully developed record, our analysis does not express any opinion about the ultimate merits of whether the NCA itself is reasonable. However, on the record before us, GES failed to make a prima facie demonstration that the NCA is reasonable by showing its restrictions do not extend beyond the geographical areas in which GES conducts business. To require any less would render ineffective the requirement that the moving party demonstrate a likelihood of success

on the merits. In failing to apply this court's relevant precedent on noncompete agreements, the district court abused its discretion.[3]

## CONCLUSION

We reaffirm our previous holdings that a noncompete agreement must be limited to the geographical areas in which an employer has particular business interests, and we conclude that this precedent is no less applicable in instances where the noncompete agreement imposes a nationwide restriction on the former employee. Furthermore, an employer seeking a preliminary injunction enforcing a noncompete agreement bears the burden of making a prima facie showing, through substantial evidence, of the agreement's reasonableness. We therefore reverse the district court's order granting GES's motion for a preliminary injunction.[4]

_____ *Cherry* , J.
Cherry

We concur:

_____ , J.
Stiglich

_____ , Sr.J.
Saitta

---

[3]Because we conclude that the district court abused its discretion in finding that GES was likely to succeed on the merits, we need not reach the remaining questions raised by the parties.

[4]In light of this disposition, we vacate the stay imposed by our May 30, 2017, order.