NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERIF W. ABDOU, M.D.; AMIR S. BACCHUS, M.D., | No. 17-17490 18-15394 |
| Plaintiffs-counter-defendants-Appellants, | D.C. No. 2:16-cv-02597-APG-CWH |
| v. | |
| DAVITA, INC.; HEALTHCARE PARTNERS HOLDINGS, LLC; HEALTHCARE PARTNERS, LLC, | MEMORANDUM[*] |
| Defendants-counter-claimants-Appellees. | |

Appeals from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted July 10, 2018
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Doctors Sherif Abdou and Amir Bacchus (Abdou/Bacchus) appeal the district court's entry of a preliminary injunction forbidding them from engaging in certain "Restricted Business" with three healthcare companies in Nevada, as well as the district court's subsequent denial of their motion to dissolve or modify the injunction. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

1.      The district court did not abuse its discretion by entering the preliminary injunction. It correctly stated the *Winter* factors, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and its factual findings are not clearly erroneous, *see Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 753 (9th Cir. 2018).

Damage to a company's goodwill and reputation can constitute irreparable harm because this sort of harm is difficult to measure. *Rent-a-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991); *Ellis v. McDaniel*, 596 P.2d 222, 224 (Nev. 1979). DaVita presented evidence that Abdou/Bacchus had extensive discussions with three of DaVita's contractual partners about creating an entity that would eventually compete with DaVita in southern Nevada. They drafted a detailed business plan and strategized about how to disrupt DaVita's operations. By doing so, they both misappropriated the goodwill for which DaVita paid handsomely when it acquired HealthCare Partners,

LLC, and threatened DaVita's goodwill and ability to develop and maintain third-party relationships in the future.

Although Abdou/Bacchus did not actually launch a competing entity during the Restricted Period, their discussions with the Restricted Parties clearly were intended to lay the groundwork for such a launch. Allowing them to take advantage of this preparation, which arguably violated the terms of the noncompetes, is likely to cause DaVita precisely the type of irreparable harm that noncompete agreements are intended to prevent.

Abdou/Bacchus's argument that the district court impermissibly shifted the burden of proof to them is unconvincing.

The district court did not abuse its discretion by finding that the balance of equities favors DaVita. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 673 (9th Cir. 1988). For the reasons explained above, DaVita faces irreparable harm in the absence of an injunction. Abdou/Bacchus do not face comparable harm if one is entered; they are simply being held to the terms of the noncompetes that they signed voluntarily (and for which they were well compensated).

Nor did the district court abuse its discretion by finding that the injunction is in the public interest. "The public has an interest in seeing that competition is not unreasonably limited or restricted, but it also has an interest in protecting the

3

freedom of persons to contract, and enforcing contractual rights and obligations."[1]

*Ellis*, 596 P.2d at 224.  This observation is true even in the healthcare context.  *Id.*

Finally, the district court did not enter an overbroad injunction.  Injunctive relief "must be tailored to remedy the specific harm alleged."  *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).  Here, the specific harm alleged is damage to DaVita's goodwill, reputation, and third-party relationships. The injunction, accordingly, forbids Abdou/Bacchus from doing business with the parties with whom they actually had discussions during the Restricted Period in the state those discussions targeted.

2.     The district court did not abuse its discretion by refusing to dissolve or modify the injunction.  None of the new information presented along with Abdou/Bacchus's motion to dissolve "establish[ed] that a significant change in facts or law warrant[ed] revision . . . of the injunction."  *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

Finally, the district court did not abuse its discretion by maintaining the injunction as to the entire state of Nevada.  DaVita does not currently operate a provider network in northern Nevada, but there is conflicting evidence about the possibility of DaVita expanding into that part of the state.

---

[1] The district court did not explicitly mention competition in its order granting the preliminary injunction, but it clearly considered Abdou/Bacchus's arguments on the subject.

4

The district court can review (and potentially narrow) the geographic scope of the injunction after more complete discovery and briefing. But on this limited record, it was not an abuse of discretion for the district court to maintain the injunction covering the entire state.

**AFFIRMED.**