IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PROGRESSIVE LEADERSHIP ALLIANCE OF NEVADA, Appellant, vs. BARBARA K. CEGAVSKE, IN HER OFFICIAL CAPACITY AS NEVADA SECRETARY OF STATE, Respondent. | No. 85434 |

FILED

OCT 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion for a preliminary injunction in a ballot matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Progressive Leadership Alliance of Nevada (PLAN) filed a complaint to block a temporary regulation promulgated by respondent the Secretary of State. The regulation would allow counties, if they complied with certain requirements, to hand count votes as their primary vote count method in the November 2022 election. PLAN sought a preliminary injunction to prevent implementation of the regulation, which the district court denied. This appeal followed.[1]

---

[1]We ordered briefing on an expedited schedule as the parties asked for a decision by October 21, 2022.

22-33554

"A party seeking a preliminary injunction must show a likelihood of success on the merits of their case and that they will suffer irreparable harm without preliminary relief." *Shores v. Glob. Experience Specialists, Inc.*, 134 Nev. 503, 505, 422 P.3d 1238, 1241 (2018). "[C]ourts also weigh the potential hardships to the relative parties and others, and the public interest." *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). Reversal of a decision granting or denying a preliminary injunction motion is only warranted where the district court abuses its discretion or where it "based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Shores*, 134 Nev. at 505, 422 P.3d at 1241 (quoting *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015)) (further internal quotation marks omitted).

We perceive no abuse of discretion in the district court's finding that PLAN failed to show irreparable harm would result in the absence of an injunction. We therefore affirm. First, no purported harm will result from the regulation itself because no county submitted the proposed plan required by the regulation in order to use hand-counting as its primary vote count method for the upcoming election and the deadline to do so has passed.[2] And unless a special election takes place, the regulation will expire before the next scheduled election. *See* NRS 233B.063(3) (providing that any temporary regulation an agency adopts "between August 1 of an even-numbered year and July 1 of the succeeding odd-numbered year without

---

[2]The regulation required any county seeking to hand count ballots as its primary vote count method to submit a plan by October 9, 2022.

following [certain] procedure[s] . . . expires by limitation on November 1 of the odd-numbered year"). Second, PLAN failed to show how hand counting ballots as a primary method of vote tabulation pursuant to the challenged regulation causes any harm. Moreover, invalidating the regulation or enjoining the Secretary of State via a preliminary injunction would not prevent counties from conducting secondary hand counts of ballots if they chose to do so.[3] In light of this conclusion, we need not address PLAN's remaining arguments regarding its likelihood of success on the merits or the balancing of hardships and the public interest. *See Boulder Oaks Cmty. Ass'n v. B&J Andrews Enters.*, 125 Nev. 397, 403 n.6. 215 P.3d 27, 31 n.6 (2009) (recognizing that the moving party's failure to satisfy its burden as to one element of a preliminary injunction is fatal to the motion); *see also* 42 Am. Jur. 2d *Injunctions* § 35 (2022) (deeming irreparable harm as "the most important requirement for an injunction" and noting that "[e]ven a strong likelihood of prevailing on the merits cannot make up for a deficient showing of irreparable injury").

---

[3]PLAN's argument that granting the injunction would not harm the Secretary of State or the public is irrelevant under the irreparable harm prong; as the moving party, PLAN must demonstrate irreparable harm. *See Excellence Cmty. Mgmt.*, 131 Nev. at 353, 351 P.3d at 723 (requiring the moving party to show "an injury for which compensatory damages is an inadequate remedy"); *see also* 42 Am. Jur. 2d *Injunctions* § 35 (stating that the moving party bears the burden of showing irreparable harm with no consideration for the lack of harm to the nonmoving party if the motion is granted).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Stiglich

_____, J.          _____, J.
Cadish                                Pickering

_____, J.
Herndon


cc:     Hon. James E. Wilson, District Judge
        Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
        Elias Law Group LLP/Wash DC
        Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Reno
        Attorney General/Las Vegas
        Attorney General/Carson City
        Carson City Clerk

---

[4]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.